COPE, J.
(specially concurring).
I concur in the result but am unable to join the reasoning of the majority opinion.
Defendant-appellant Burke contends that his trial counsel misadvised him regarding the potential sentence he was facing if convicted of first-degree murder. He acknowledges that he has previously been denied postconviction relief. His successor counsel argues that, notwithstanding the earlier denials of postconviction relief, the defendant should receive relief at this time under the manifest injustice exception to the res judicata doctrine. State v. McBride, 848 So.2d 287, 290-92 (Fla.2003).
As I read it, the majority opinion takes the position that a claim of manifest injustice makes no difference. Majority opinion at 3. That is not so. The Florida Supreme Court has said that “res judicata will not be invoked where it would defeat the ends of justice.” Id. at 291. The Supreme Court has also recognized a “manifest injustice” exception to the law of the case doctrine and to the collateral es-toppel doctrine. Id. at 291-92. The question to be decided is whether there is a manifest injustice within the meaning of McBnde.
Turning to the merits, prior to trial, counsel advised the defendant that the penalty for first-degree murder was life imprisonment without the possibility of parole for twenty-five years. Counsel was aware that the legislature had changed the first-degree murder statute, but believed that it did not apply to this defendant. Prior to trial the State had offered a plea of eighteen years incarceration. Trial counsel recommended that the defendant accept it, but he refused. The plea offer was withdrawn at the time that the trial began.
During the trial, counsel became aware that his advice may have been incorrect. The following transpired:
[DEFENSE COUNSEL]: I have been informed by some informal conversation I had with a colleague that I may have misinterpreted the consequences of my client. I was under the impression life would be with a 25 year minimum man[datory] and I have been informed that is no longer the case, that may have affected his ability to make a rational and informed decision as to the consequences.
*655 I have just had this discussion with him sidebar before the court came back and told him and also met with the state attorney in the hallway that he was, he had withdrawn the offer.
THE COURT: This is a '94 case, 25 year minimum man on the '94 case. I think '94 is still 25 year minimum mand.
[DEFENSE COUNSEL]: That was my impression. I do know the change came in '95.
THE COURT: I think as to him it’s the 25 year minimum man.
[DEFENSE COUNSEL]: Let me put this on the record because I am here thinking that I might have done that. The bottom line, he indicated after I told him there may have been a change in the law. He indicated that he wanted to proceed with the trial to it’s (sic) conclusion but I needed to have that on the record.
(Emphasis added).
Thus, during the trial, defense counsel raised the possibility that he had misad-vised the defendant regarding the sentence for first-degree murder. The trial court offered the opinion that the old law applied to this defendant so that he would be eligible for parole after twenty-five years. The trial continued and the defendant was convicted of first degree murder.
At sentencing the court revisited the question of what version of the first-degree murder statute was applicable to this case. It turned out that the elimination of parole for first-degree murder took effect May 25, 1994. Ch. 94-228, § 1, Laws of Fla., codified as § 775.082(l)(a), Fla. Stat. (Supp.1994). The defendant committed his crime on October 25,1994, so the mandatory sentence was life without eligibility for parole.
The defendant filed a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 and the trial court conducted an evidentiary hearing in 2001. The order denying postconviction relief is in the record now before us, but not the transcript.
In 2007, the defendant filed the current petition for writ of habeas corpus in the trial court. The defendant contends that the discussion with the trial court quoted above necessarily misled him about the potential sentence for first degree murder, and that relief should be granted. The trial court denied relief on the basis of the 2001 rule 3.850 proceeding, and subsequent pro se habeas petitions, which were denied.
I agree that we must affirm the denial order. As stated in the 2001 order, defense counsel had recommended that the defendant accept the eighteen-year offer. Trial counsel had explained to the defendant that the lesser included offense of second-degree murder also carried a life sentence.* Defense counsel advised the defendant that he would likely receive the maximum sentence if convicted of second-degree murder, and that the only way he could do better than the eighteen-year offer was if the jury found him guilty of manslaughter. According to the order, the defendant told trial counsel that “he believed the jury would find him guilty of Manslaughter and ‘wanted to take it all the way.’ ”
Based on the portions of the order denying rule 3.850 relief, the manifest injustice *656 standard is not met in this case and the trial court correctly denied relief.

 The order suggests, but does not specifically state, that trial counsel had explained that there was no possibility for parole under a guidelines life sentence for second-degree murder. That was true even prior to the enactment of chapter 94-228, Laws of Florida.